IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES L. KING                                                                    PETITIONER

vs.                     Civil Case No. 5:09CV00091 HLJ

LARRY NORRIS, Director,
Arkansas Department of Correction                                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

>    1.  Why the record made before the Magistrate Judge is inadequate.
>
>    2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
>
>    3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>    Clerk, United States District Court
>    Eastern District of Arkansas
>    600 West Capitol Avenue, Suite A149
>    Little Rock, AR 72201-3325

## **DISPOSITION**

A state court jury convicted Petitioner James L. King of simultaneous possession of drugs and firearms, possession of a controlled substance and possession of drug paraphernalia. On July 31, 2007, he received consecutive terms of seventy years, twenty years and ten years imprisonment. Respondent's Exhibit A. Petitioner appealed (Respondent's Exhibit B), and the Arkansas Court of Appeals affirmed. King v. State, NO. CACR 07-1242 (Ark.Ct.App. May 23, 2008); Respondent's Exhibit C. The state

court docket sheet does not indicate Petitioner pursued post-conviction relief (Respondent's Exhibit D).

At trial during jury deliberations, the jury sent a note out asking if Petitioner's sentences would be served concurrently. Defense counsel and the prosecutor agreed that the judge should send a note to the jury room that read, "Refer to the jury instructions." Petitioner's sole ground for relief in his petition here is that the trial court erred in failing to bring the jury into the courtroom to instruct them in person. In his reply (DE #15), he argues the error violated his right to due process under the Fourteenth Amendment to the United States Constitution.

Respondent argues this ground is procedurally barred because Petitioner did not raise its federal constitutional aspect in state court, and there are no state remedies currently available to exhaust the claim. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). Further, a federal habeas court may ordinarily consider only those federal constitutional claims fairly presented and raised in state court in accordance with state procedural rules. Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir.), cert. denied, 517 U.S. 1215 (1996).

In order to fairly present a claim, a petitioner must have referred the state court to a specific constitutional right and

must have presented a statement of the facts that entitle him to relief.  See Gray v. Netherland, 518 U.S. 152, 162-63 (1996).  It is not sufficient for a petitioner merely to present the underlying facts to the state court, "or to make a general appeal to a constitutional guarantee as broad as due process. . . ."  Id.  See also  Gilmore v. Armontrout, 861 F.2d 1061, 1065 n.8 (8th Cir. 1988), cert. denied, 490 U.S. 1114 (1989)(holding petitioner fairly presents constitutional claim to state courts by raising same significant facts and legal theories he advances in support of habeas petition in federal court); Waldos V. Huntley, 69 F.3d 247 (8th Cir. 1995)(finding that, during a direct appeal, a petitioner must have explicitly referred the state courts to the United States Constitution or federal case law).

    This court has reviewed Petitioner's state appellate brief (Respondent's Exhibit B), and finds his argument in state court was based on the same facts he raises here, but he relied only on state law as a basis for relief.[1]

    If a petitioner has not properly presented his claim to the state courts, Wainwright v. Sykes, 433 U.S. 72, 87 (1977), requires him to demonstrate adequate cause for this default and actual prejudice resulting from the constitutional violation he asserts.

---

[1] The Arkansas Court of Appeals refused to consider the claim because defense counsel did not raise an objection at trial to the court's sending the note in to the jury, and, in fact, counsel specifically agreed to the procedure.  Respondent's Exhibit C at 4.

Coleman v. Thompson, 501 U.S. 722, 750 (1991).  If he is unable to satisfy the cause and prejudice requirement, the court may still consider the claim if he establishes a constitutional violation has probably resulted in the conviction of one who is "actually innocent" and the failure to hear the claim would result in a "fundamental miscarriage of justice."  Murray v. Carrier, 477 U.S. 478, 495 (1986).  See also House v. Bell, 547 U.S. 518, 522 (2006)(finding petitioner made "stringent showing" necessary for actual innocence exception to apply).

Although given the opportunity, Petitioner has offered no explanation for his failure to assert the federal basis for his claim in state court, and he has not asserted he is "actually innocent" of the charges, as contemplated in House v. Bell.  I find his claim for relief is procedurally barred.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice.  The relief prayed for is denied.

SO ORDERED this 16th day of March, 2010.

*Henry L. Jones, Jr.*
United States Magistrate Judge